**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| TAMARA VANCE, ) | |
| on behalf of plaintiff and the class defined ) | |
| below, ) | Judge Dow, Jr. |
| ) | |
| Plaintiff, ) | 10cv6324 |
| ) | |
| vs. ) | |
| ) | |
| BUREAU OF COLLECTION RECOVERY LLC, ) | |
| ) | |
| Defendant. ) | |

**PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO
DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT**

**STATEMENT OF FACTS**

Bureau of Collection Recovery LLC is engaged in the business of a collection agency, using the mails and telephone to collect consumer debts originally owed to others. (Cmpt. ¶7) Bureau of Collection Recovery LLC states on its Web site (http://www.bureauofcollection.com/bcradv.html) that it has "top of the line Avaya Mosaix predictive dialing systems" and that "dialing is our business." (Cmpt. ¶8)

Defendant has been attempting to collect from plaintiff an alleged debt incurred for personal, family, or household purposes and not for business purposes. (Cmpt. ¶9) On multiple occasions during May 2010, plaintiff received autodialed telephone messages on her cell phone from defendant. (Cmpt. ¶10) On information and belief, the calls were placed using predictive dialers; the predictive dialers place calls without human intervention until a connection is made, in which case the dialers attempt to connect the recipient with a debt collector. (Cmpt. ¶11) Plaintiff knew that the calls were automated because there was a pre-recorded voice that came on the line and told

her to hold for assistance. (Cmpt. ¶12) Plaintiff spoke to Defendant's customer service representative and was told that Defendant obtained her number when she called to inquire about her bill. (Cmpt. ¶13) Plaintiff did not authorize the automated placement of calls to her cell phone. (Cmpt. second ¶12) Plaintiff did not furnish her cell phone number to defendant or the putative creditor. (Cmpt. second ¶13) Plaintiff did not even obtain her current cell phone number until after the alleged debt was charged off. (Cmpt. ¶14)

## I. MOTION TO DISMISS STANDARD

In *Swanson v. Citibank, N.A.*, 614 F.3d 400 (7th Cir. 2010), the Seventh Circuit discussed pleading standards under Rule 8 and the impact of *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) and *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). Therein, the Court explains:

> all that is necessary is that the claim for relief be stated with brevity, conciseness, and clarity …. [T]his portion of Rule 8 indicates that a basic objective of the rules is to avoid civil cases turning on technicalities and to require that the pleading discharge the function of giving the opposing party fair notice of the nature and basis or grounds of the pleader's claim and a general indication of the type of litigation that is involved.

*Swanson v. Citibank, N.A.*, 614 F.3d 400, 404 (7th Cir. 2010)

This is the context in which the pleader's responsibility to "state a claim to relief that is plausible on its face" must be understood. *See Twombly*, 550 U.S. at 570; *Iqbal*, 129 S. Ct. at 1949. Plausibility in this context is not akin to a probability requirement. Rather, the plaintiff must give enough details to present a story that holds together. In other words, the court will ask itself *could* these things have happened, not *did* they happen. *Ashcroft v. Iqbal*, 129 S. Ct. at 1949; *Swanson v. Citibank, N.A.*, 2010 U.S. App. LEXIS 15761, *7-8 (7th Cir. July 30, 2010). The complaint must merely give notice of the claims asserted and plead enough facts to make those

claims seem plausible; these are "two easy-to-clear hurdles." *E.E.O.C. v. Concentra Health Services, Inc.*, 496 F.3d 773, 776 (7th Cir. 2007).

## II. PREDICTIVE DIALING IS REGULATED BY THE TELEPHONE CONSUMER PROTECTION ACT

Defendant asserts that predictive dialing is not regulated by the TCPA because the statute itself does not specifically mention "predictive dialers" by name. This assertion is wrong. The Federal Communications Commission ("FCC"), the federal regulatory body charged with interpreting the Telephone Consumer Protection Act ("TCPA"), has specifically determined that predictive dialing is regulated by the TCPA. "*In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*", 2003 TCPA Order*, 18 FCC rcd 14014, 14093. Defendant's argument directly conflicts which the ruling, which specifically held that a predictive dialer does meet the requirements of 47 U.S.C. § 227(a)(1)(A)-(B). *Id*. Those requirements are that the technology "have the capacity (A) to store or produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers." 47 U.S.C. § 227(a)(1)(A)-(B). A predictive dialer has the "capacity" to do just that.

Because no petition for review of the decision was filed with the court of appeals within thirty days after the ruling was released, the FCC's interpretation of the TCPA is controlling. 47 C.F.R. § 1.302. "The Hobbs Act prevents the district court from considering the validity of final FCC Orders." *CE Design, Ltd. v. Prism Business Media, Inc.*, 606 F. 3d 443, 446 (7th Cir. 2010). Therefore, this Court is bound by the FCC's interpretation, which includes predictive dialers in the TCPA's statutory definition.

Other courts presented with the issue here have applied the TCPA to predictive dialers. *Hicks v. Client Services, Inc.*, Case No. 07-61822, 2008 U.S. Dist. LEXIS 101129, *10

(S.D. Fla. Dec. 10, 2008); *Rivas v. Receivables Performance Management*, Case No. 08-61312, 2009 U.S. Dist. LEXIS 129378, *12 (S.D. Fla. Sep. 1, 2009). Because Plaintiff has sufficiently alleged that the Defendant used predictive dialers to call the Plaintiff, Plaintiff has sufficiently alleged that Defendant violated the TCPA.

### III. PLAINTIFF HAS SUFFICIENTLY ALLEGED THAT DEFENDANT VIOLATED THE TCPA

Defendant also makes much of the fact that Ms. Vance alleges that "the calls were placed using predictive dialers" based upon "information and belief." Def.'s Memo. ¶ 12. However, "on a motion to dismiss on the ground that the complaint does not state a claim on which relief can be granted, the rule is that the complaint must be viewed in the light most favorable to plaintiff and the truth of all facts well pleaded, admitted. This includes facts alleged on information and belief." *Carroll v. Morrisson Hotel Corp.*, 149 F.2d 404, 406 (7th Cir. 1945) (Internal citation omitted). "The concept of 'information and belief' is recognized under the Rules, and there appears to be no good reason why such pleading is not permissible." *Id. See also Hickman v. Wells Fargo Bank, N.A.*, 683 F. Supp. 2d 779, 785 (N.D. Ill. 2010) (finding that the fact that an allegation is brought upon "information and belief" does not make that allegation insufficient in light of the Rule 8 pleading standard as interpreted by *Twombley* and *Iqbal*). "As long as there is sufficient detail to a complaint, allegations based on 'information and belief' are acceptable under Rule 8a." *Howard v. Renal Life Link, Inc.*, Case No. 10 C 3225, 2010 U.S. Dist. LEXIS 115937, *6 (N.D. Ill. Nov. 1, 2010).

Defendant cites to *Uni\* Quality, Inc. v. Infotronx, Inc.*, 974 F.2d 918, 924 (7th Cir. 1992), for the proposition that "allegations made on information and belief 'are insufficient, even if the facts are inaccessible to the plaintiff, unless the plaintiff states the grounds for his suspicions.'"

This case is inapposite for two reasons. First, that case dealt with allegations of fraud, for which Federal Rule of Civil Procedure 9(b), not Federal Rule of Civil Procedure 8 (which is controlling here) dictates the standard. Rule 9(b)'s heightened pleading standard has no bearing on this case. Second, Plaintiff pled the grounds for her belief that the calls to her were placed using predictive dialers. Ms. Vance alleged that Bureau of Collection Recovery LLC states on its Web site (http://www.bureauofcollection.com/bcradv.html) that it has "top of the line Avaya Mosaix predictive dialing systems" and that "dialing is our business" (Cmpt. ¶ 8). She further alleges that "Plaintiff knew that the calls were automated because there was a pre-recorded voice that answered and told her to hold for assistance." (Cmpt. ¶12) Plaintiff has laid out facts that establish that Defendant used predictive dialing to call her cellular telephone. The threshold that Defendant is attempting to hold her to is that of proving her case in her complaint, and that she does not have to do. Plaintiff is entitled to discovery before she is forced to do more than simply allege facts that constitute a cause of action.

### **CONCUSION**

For the reasons stated above, this Court should deny Defendant's motion to dismiss.

Respectfully submitted,

s/ Catherine A. Ceko
Catherine A. Ceko

Daniel A. Edelman
Cathleen M. Combs
Catherine A. Ceko
EDELMAN, COMBS, LATTURNER & GOODWIN, LLC
120 S. LaSalle Street, Suite 1800
Chicago, Illinois  60603
(312) 739-4200
(312) 419-0379 (FAX)

courtecl@edcombs.com

## **CERTIFICATE OF SERVICE**

      I, Catherine A. Ceko, hereby certify that on January 4, 2011, the foregoing document was filed with the Clerk of the Court using the CM/ECF system which will send notification to the following parties:

David M. Schultz
dschultz@hinshawlaw.com

Matthew Glavin
mglavin@hinshawlaw.com

James Vlahakis
jvlahakis@hinshawlaw.com

                                                  s/ Catherine A. Ceko
                                                  Catherine A. Ceko