# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| TAMARA VANCE, ) | |
| ) | Case No.: 10-cv-06324 |
| Plaintiff, ) | |
| ) | Judge Robert M. Dow, Jr. |
| ) | |
| v. ) | |
| ) | |
| BUREAU OF COLLECTION RECOVERY LLC, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff's one-count amended complaint [8] asserts a violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 (2006) ("TCPA"). Before the Court is Defendant's motion to dismiss Plaintiff's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) [28]. For the following reasons, Defendant's motion is respectfully denied.

## I.  Background[1]

The few facts relevant to the disposition of the instant motion are straightforward. Plaintiff Tamara Vance is an individual consumer. ¶ 5. Defendant Bureau of Collection Recovery LLC is a collection agency engaged in the business of recovering debts for its clients. ¶ 7. Defendant has been attempting to collect a debt that Plaintiff allegedly incurred for personal, family, or household purposes (not a business-related debt). ¶ 9.

Plaintiff alleges that in May 2010, she received multiple automated phone calls on her cellular phone from Defendant. ¶ 10. Plaintiff alleges that her phone rang, she answered it, and then she heard a "pre-recorded voice" that "told her to hold for assistance." ¶ 12. On the basis

---

[1] For purposes of Defendant's motion, the Court assumes as true all well-pleaded allegations set forth in the complaint. See, e.g., *Killingsworth v. HSBC Bank Nevada, N.A.*, 507 F.3d 614, 618 (7th Cir. 2007). Unless otherwise specified, the source of all facts in this section is Plaintiff's first amended complaint [8].

of these facts, Plaintiff alleges that the calls were placed by "predictive dialers" that "place calls without human intervention." ¶ 11.

Plaintiff further alleges that a representative of the company informed her that Defendant obtained her phone number when she called to inquire about her bill. ¶ 13. Plaintiff alleges that she never gave Defendant her phone number or permission to call her at that number. ¶¶ 14–15.[2] She further alleges that she did not obtain the cell phone number that Defendant called until after she had paid off the disputed debt. ¶ 16. Finally, Plaintiff alleges that Defendant's website claims that it has "top of the line Avaya Mosaix predictive dialing systems" and that "dialing is our business." ¶ 8 (quoting http://www.bureauofcollection.com/bcradv.html).

## II. Legal Standard for Rule 12(b)(6) Motions to Dismiss

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of the complaint, not the merits of the case. See *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). To survive a Rule 12(b)(6) motion to dismiss, the complaint first must comply with Rule 8(a) by providing "a short and plain statement of the claim showing that the pleader is entitled to relief" (Fed. R. Civ. P. 8(a)(2)), such that the defendant is given "fair notice of what the * * * claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

Second, the factual allegations in the complaint must be sufficient to raise the possibility of relief above the "speculative level," assuming that all of the allegations in the complaint are true. *E.E.O.C. v. Concentra Health Servs., Inc.*, 496 F.3d 773, 776 (7th Cir. 2007) (quoting *Twombly*, 550 U.S. at 555, 569 n.14). "[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint."

---

[2] There is an error in the numbering of the paragraphs in Plaintiff's complaint (numbers 12 and 13 are repeated). In the interest of clarity, throughout this opinion, the Court has added two numbers to each paragraph following the thirteenth paragraph.

*Twombly*, 550 U.S. at 562. The Court accepts as true all of the well-pleaded facts alleged by the plaintiff and all reasonable inferences that can be drawn therefrom. See *Barnes v. Briley*, 420 F.3d 673, 677 (7th Cir. 2005).

**III. Analysis**

The TCPA restricts the use of "automated telephone equipment." 47 U.S.C. § 227. The TCPA states, in relevant part:

> It shall be unlawful for any person * * * (A) to make any call (other than a call made for emergency purposes or made with the express consent of the called party) using any automatic telephone dialing system or an artificial prerecorded voice * * * (iii) to any telephone number assigned to a * * * cellular telephone service * * *.

§ 227(b)(1)(A)(iii). The Act defines "automatic telephone dialing system" as "equipment which has the capacity—(A) to store or produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers." § 227(a)(1).

The first argument advanced in Defendant's motion to dismiss is that Plaintiff failed to properly allege that Defendant called her cell phone using an "automated telephone dialing system." [28] at 2 (citing 47 U.S.C. § 227(a)(1)). According to Defendant, Plaintiff failed to allege that Defendant's calls to Plaintiff's cell phone were made with equipment with the "capacity * * * to store or produce telephone numbers to be called, using a random or sequential number generator." *Id*. Instead, Defendant argues that Plaintiff used the terms "autodialed" and "predictive dialers," and the TCPA does not contain these terms. The Court respectfully rejects Defendant's argument.

First, Plaintiff's complaint does not fail to state a claim merely because it uses terminology that differs slightly from the terminology of the statute. See, *e.g. Gustafson v. Jones*, 117 F.3d 1015, 1018 (7th Cir. 1997) (pleading certain "magic words" that track the

3

language of a legal theory "is no more necessary than including other legal arguments in the complaint"). In ruling on a motion to dismiss, the court "take[s] all facts alleged in the complaint, *as well as any reasonable inferences from those facts*, in the light most favorable to [the non-moving party]." *Uni\*Quality, Inc. v. Infotronx, Inc.*, 974 F.2d 918, 919 (7th Cir. 1992) (emphasis added). It is a reasonable inference from Plaintiff's use of the term "predictive dialers" to believe that she is alleging that Defendant's equipment meets the definition of that prohibited by the TCPA. There may be a material difference between predictive dialers and the type of equipment the statute prohibits. But any such distinction is a matter to be explored through discovery. The specific capabilities of Defendant's equipment is a factual issue and not a proper basis for dismissal.

In any event, the Court notes that the FCC has indicated, and other courts have held, that predictive dialing systems do meet the definition of devices prohibited by the TCPA. See *In re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 18 FCC Rcd. 14014, 14093 (June 26, 2003) ("[T]he Commission finds that a predictive dialer falls within the meaning and statutory definition of 'automatic telephone dialing equipment' and the intent of Congress."); *Ortega v. Collectors Training Inst. of Ill.*, 2011 WL 241948, at *8 (S.D. Fla. Jan. 21. 2011) (refusing to grant summary judgment when the plaintiff alleged the defendant used "auto dialers" and that the plaintiff heard a "robot voice" on the phone); *Rivas v. Receivables Performance Mgmt., LLC*, 2009 U.S. Dist. LEXIS 129378, at *13 (S.D. Fla. Sept. 1, 2009) (denying summary judgment when the plaintiff offered proof that "Defendant placed calls to Plaintiff using a mechanical computer device that dialed Plaintiff's number without human intervention. Thus, Plaintiff has at least stated a material issue of fact"). Whether Defendant's

particular equipment has the functionality to meet that definition is a factual matter that has not yet been developed.

Second, Defendant overlooks the fact that the TCPA prohibits the use of "any automatic telephone dialing system *or an artificial prerecorded voice*." § 227(b)(1)(A) (emphasis added). Plaintiff's complaint alleges that when she answered Defendant's calls, "there was a prerecorded voice that answered and told her to hold for assistance." ¶ 12. Taking this fact as true, Plaintiff certainly makes out a claim under § 227 of the TCPA based on Defendant's use of a prerecorded voice.

Defendant also argues that Plaintiff's complaint fails because she pleads certain facts "upon information and belief" and that therefore the complaint fails to satisfy Federal Rule of Civil Procedure 8(a)(2). ([38] at ¶ 12). The Seventh Circuit has specifically recognized that there is nothing *per se* improper about pleading allegations "upon information and belief." See, *e.g. Carroll v. Morrisson Hotel Corp.*, 149 F.2d 404, 406 (7th Cir. 1945) ("The concept of 'information and belief' is recognized under the Rules, and there appears to be no good reason why such pleading is not permissible."); see also *Hickman v. Wells Fargo Bank, N.A.*, 683 F. Supp. 2d 779, 785 (N.D. Ill. 2010) (citing *Brooks v. Ross,* 578 F.3d 574, 581 (7th Cir. 2009)) (concluding that the fact that an allegation is brought upon "information and belief" does not make that allegation insufficient in light of the Rule 8 pleading standard as interpreted by *Twombly* and *Iqbal*); *Howard v. Renal Life Link, Inc.*, 2010 WL 4483323, at *3 (N.D. Ill. Nov. 1, 2010) ("As long as there is sufficient detail to a complaint, allegations based on 'information and belief' are acceptable under Rule 8(a)."); *Smith v. Harvey,* 2010 WL 1292473, at *4 (N.D. Ill. Mar. 29, 2010) ("Supreme Court did not strike [information and belief] from the lexicon when it made the pleading rules more demanding").

Defendant cites *Uni\*Quality, Inc.*, 974 F.2d at 923, for the proposition that "it is improper for a plaintiff to plead allegations upon information and belief unless she states the grounds for her suspicions." *Id*. Defendant's reliance on the *Uni\*Quality* case is misplaced because that case involved allegations of fraud and was therefore subject to the heightened pleading standards of Rule 9(b), rather than the Rule 8(a)(2) standard.[3] See 974 F.2d at 923. Moreover, even if Plaintiff were required to "state [the] grounds for her suspicions," Plaintiff does just that—she alleges that she suspected that the phone calls that she received were automated because she heard a prerecorded voice when she answered. ¶ 12.

One final matter: On page three of its reply, Defendant attempts to argue that "Plaintiff has neglected to address defendant's argument that she failed to allege that defendant dialed her number" because the complaint does not assert that Plaintiff "was the subscriber or owner of the cell phone number in question." Defendant explains: "In numerous TCPA cases, various class representatives have asserted that they were called in violation of the TCPA where discovery has uncovered that they did not own the phone in question." First, contrary to Defendant's assertion, Defendant did not raise this argument in its initial motion. *United States v. Adamson,* 441 F.3d 513, 521 n.2 (7th Cir. 2006) (arguments raised for the first time in a reply brief are waived). Second, Plaintiff *does* allege, at ¶ 8, that she "received autodialed telephone messages on *her* cell phone from defendant." (Emphasis added). Defendant's own argument—that "[i]n numerous TCPA cases * * * discovery has uncovered that they did not own the phone in question"—confirms that discovery is the proper time to challenge Plaintiff's ownership of her phone, not at the motion to dismiss stage.

---

[3] Federal Rule of Civil Procedure 9(b) requires that "the circumstances constituting fraud * * * shall be stated with particularity." See also *Uni\*Quality*, 974 F.2d at 923. Rule 8(a)(2), conversely, requires only "a short and plain statement of the claim showing that the pleader is entitled to relief."

## IV. Conclusion

For the foregoing reasons, Defendant's motion to dismiss [28] is respectfully denied.

Dated:  March 11, 2011

                                              _____
                                              Robert M. Dow, Jr.
                                              United States District Judge