IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| TAMARA VANCE, | ) | |
| on behalf of plaintiff and the class defined | ) | |
| below, | ) | Judge Dow, Jr. |
| | ) | Magistrate Judge Kim |
| Plaintiff, | ) | |
| | ) | 10cv6324 |
| v. | ) | |
| | ) | |
| BUREAU OF COLLECTION RECOVERY LLC, | ) | |
| | ) | |
| Defendant. | ) | |

**PARTIES' INITIAL STATUS REPORT**

**Attorneys of record for Plaintiff**:

Daniel A. Edelman (lead trial attorney)
Cathleen M. Combs
James O. Latturner
Catherine A. Ceko
EDELMAN, COMBS, LATTURNER
      & GOODWIN, LLC
120 S. LaSalle Street, 18th Floor
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)

**Attorneys of record for Defendant**:

David M. Schultz
James C. Vlahakis
Matthew T. Glavin
Hinshaw & Culbertson, LLP
222 N. LaSalle Street, Suite 300
Chicago, IL 60601
(312) 704-3000
(312) 704-3001 (FAX)

**A.**     **Bases for federal jurisdiction**

    **1)**     **Subject matter jurisdiction**

Plaintiff states that because plaintiff has alleged that defendant violated the Telephone Consumer Protection Act ("TCPA"), this Court has jurisdiction under 47 U.S.C. §227 (TCPA) and 28 U.S.C. §§1331.

    **2)**     **Venue**

If subject matter jurisdiction exists, venue is appropriate in the Northern District of Illinois, as Defendant's collection communications were received by plaintiff within this District. Also, venue in the Northern District of Illinois is proper because Defendant transacts business within this District.

1

**B.      Initial status of the case**

   **1)      Nature of Claims and counterclaims**

On October 4, 2010, Plaintiff Tamara Vance ("Plaintiff") filed a class action lawsuit against Defendant Bureau of Collection Recovery, LLC. On October 8, 2010, Plaintiff filed a motion for class certification.

In her complaint, Plaintiff contends that Defendant violated the TCPA by placing automated calls to plaintiff's cell phone.

In her complaint, Plaintiff defines the following class:

(a) all persons with numbers in the Illinois area codes 773, 312 and 872 (b) who, on or after a date four years prior to the filing of this action (28 U.S.C. §1658), and on or before a date 20 days following the filing of this action, (c) received automated calls from defendant (d) where defendant's records do not show that the person provided the number to the defendant or to the original creditor (for example, where the number was obtained through skip tracing or captured by the defendant's equipment from an inbound call).

On November 30, 2010, Defendant filed a Motion to Dismiss Plaintiff's complaint, which the Court denied on March 11, 2011.

   **2)      Names of parties not served**

All parties in this matter have been served.

   **3)      Principal legal issues**

For Plaintiff and the class, the predominant legal question is:

   (a)   Whether the calls Defendant placed violated the TCPA.

   (b)   Whether the manner in which Defendant obtained the cell phone numbers violated the TCPA.

   (c)   Whether Plaintiff and/or class members consented to being called by Defendant and/or the underlying creditor(s).

   (d)   Whether Defendant's telephone equipment and dialing process violates the TCPA.

   (e)   Whether Plaintiff lacks standing.

   **4)      Principal factual issues**

2

For Plaintiff and the class, the predominant factual questions are:

(a) Whether Defendant engaged in a pattern of using automated equipment to place calls to cellular telephones;

(b) The manner in which Defendant obtained the cell phone numbers.

(c) Whether Plaintiff and/or class members consented to being called by Defendant and/or the underlying creditor(s).

(d) Whether Defendant's telephone equipment and dialing process violates the TCPA.

(e) Whether Plaintiff lacks standing.

**C.     Whether a request has been made for a jury trial**

Plaintiff has not requested a trial by jury.

**D.     Description of discovery requested and exchanged**

   **1)     Description of discovery exchanged**

Plaintiff served her First Requests for Admission, Interrogatories and Requests for Production on Documents on Defendant on March 17, 2011. Defendant will issue discovery shortly.

   **2)     Type of discovery needed**

Both Parties intend to propound written discovery. Also, Plaintiff may also seek to depose relevant agents and employees of Defendant, and Defendant may seek to depose Plaintiff.

   **3)     Proposed dates for: Rule 26(a)(1) disclosures, fact discovery completion, expert discovery completion (including dates for the delivery of expert reports), filing of dispositive motions, filing of a final pretrial order.**

Parties will exchange Rule 26(a)(1) disclosures by April 13, 2011.

Fact discovery and expert discovery will be completed by July 29, 2011.

The filing of reports from retained experts will be due:
   from Plaintiff by May 6, 2011.
   from Defendant by June 20, 2011.
   reports from Plaintiff's rebuttal experts are to be filed by July 7, 2011.

Dispositive motions are due to be filed by August 26, 2011.

The final pretrial order will be due 90 days after the Court's ruling on any dispositive motions.

**E.** **Trial**

    **1)** **Estimation of when the case will be ready for trial**

Parties expect that the case will be ready for trial on December 1, 2011.

    **2)** **Probable length of trial**

Parties expect that a trial will take no more than three days to complete.

**F.** **Whether the parties consent to proceed before a Magistrate Judge**

Parties do not consent to proceed before the Magistrate Judge.

**G.** **Whether there have been settlement discussions and if so the outcome of those discussions**

There have been no settlement discussions between the parties to date.

**H.** **Whether the parties request a settlement conference.**

Parties do not request a settlement conference at this time.

Date: March 23, 2011

| | |
|---|---|
| s/Catherine A. Ceko | s/ James C. Vlahakis |
| Catherine A. Ceko | James C. Vlahakis |
| Counsel for Plaintiffs | Counsel for Defendant |
| | |
| Daniel A. Edelman (lead trial attorney) | David M. Schultz |
| Cathleen M. Combs | James C. Vlahakis |
| James O. Latturner | Matthew T. Glavin |
| Catherine A. Ceko | HINSHAW & CULBERTSON, LLP |
| EDELMAN, COMBS, LATTURNER | 222 N. LaSalle St., Suite 300 |
|    & GOODWIN, LLC | Chicago, IL 60601 |
| 120 S. LaSalle Street, 18th Floor | (312) 704-3000 |
| Chicago, Illinois 60603 | |
| (312) 739-4200 | |

4

## **CERTIFICATE OF SERVICE**

   I, Catherine A. Ceko, hereby certify that on March 23, 2011, the foregoing document was filed with the Clerk of the Court using the CM/ECF system which will send notification to the following parties:

David M. Schultz
dschultz@hinshawlaw.com

Matthew Glavin
mglavin@hinshawlaw.com

James Vlahakis
jvlahakis@hinshawlaw.com

                      s/ Catherine A. Ceko
                      Catherine A. Ceko